```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF MISSOURI
                         EASTERN DIVISION

MONSANTO COMPANY, et al.,        )
                                 )
          Plaintiffs,            )
                                 )
     v.                          )     No. 4:10 CV 75 DDN
                                 )
KEVIN SLUSSER,                   )
                                 )
          Defendant.             )
```

## MEMORANDUM AND ORDER

This action is before the court upon the motion of plaintiffs Monsanto Company and Monsanto Technology, LLC, (Doc. 18) for sanctions and to compel discovery against defendant Kevin Slusser. An evidentiary hearing was held on April 7, 2010.

Following the hearing, the parties' joint motion for a period of time until May 6, 2010, in which to attempt to resolve the dispute informally or to file a post-hearing memorandum was sustained. On May 6, 2010, plaintiffs filed a post-hearing memorandum in which they advised the following:

> Except for documents that Defendant claims he cannot produce, Monsanto has now obtained the documents requested in its motion to compel. Monsanto, however, was forced to incur the expense of an evidentiary hearing to obtain Defendant's documents. Prior to the hearing, Defendant insisted that he did not farm three fields identified in Monsanto's motion. After hearing Monsanto's evidence, Defendant admitted that he farmed or assisted in the farming of those fields. Defendant's misconduct needlessly increased the cost of this litigation.

(Doc. 32 at 2.) Plaintiffs argue under Federal Rule of Civil Procedure 37 that defendant's failure to comply with his obligations to provide accurate information to plaintiffs in a timely manner obligates him to pay the fees and costs incurred by them in the prosecution of this motion. Plaintiffs offer to advise the court of these expenses upon the court's request. Defendant has not responded to plaintiffs' May 6 memorandum.

The court agrees with plaintiffs' arguments. After considering the evidence adduced at the hearing and the papers defendant has filed on this matter, the court finds that defendant failed to provide the information requested by plaintiffs in a timely manner and that plaintiffs' efforts in investigating, filing, and prosecuting their

motion to compel discovery were necessary for them ultimately to acquire the requested information. They are entitled to an award of costs and expenses. See Federal Rule of Civil Procedure 37.

From the court's experience in considering such fees and expenses, even without the supplemental information which plaintiffs offer to provide, the court finds that the amount of time and effort expended by plaintiffs' counsel and their investigators likely and reasonably exceeded the sum of $1,000. The court will order defendant to pay plaintiffs this sum as reasonable costs and expenses for plaintiffs' efforts in prosecuting this motion to compel. However, unless the parties move for reconsideration of this Memorandum and Order, the court will stay such payment until the merits of the action are resolved.

Therefore,

**IT IS HEREBY ORDERED** that the motion of plaintiffs (Doc. 18) for sanctions and to compel discovery against defendant Kevin Slusser is sustained in that defendant shall pay to plaintiffs the sum of $1,000 as reasonable fees and expenses expended in the prosecution of the subject motion. In all other respects the motion is denied.

**IT IS FURTHER ORDERED** that defendant's obligation to pay plaintiffs reasonable expenses and fees is hereby stayed, subject to future order.

　　　　　　　　　　　　　　　　　　/S/　　David D. Noce　　　　
　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

Signed on June 17, 2010.