```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


MONSANTO COMPANY and                )
MONSANTO TECHNOLOGY LLC,            )
                                    )
            Plaintiffs,             )
                                    )
       v.                           )      No. 4:10 CV 75 DDN
                                    )
KEVIN SLUSSER,                      )
                                    )
            Defendant.              )
```

**MEMORANDUM AND ORDER OF DEFAULT
AND ORDER SETTING FURTHER PROCEEDINGS**

This action is before the court for a determination of whether a default judgment should be entered against defendant Kevin Slusser. The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 17.) For the reasons set forth below, the court concludes that default judgment against defendant Slusser is appropriate.

**I.  BACKGROUND**

On January 14, 2010, plaintiffs Monsanto Company and Monsanto Technology (Monsanto) filed suit against defendant Kevin Slusser, an Arkansas farmer, alleging Slusser used Roundup Ready® seed, produced from Roundup Ready® soybean seed planted in 2008, or earlier, which he had saved, without authorization from Monsanto, in violation of Monsanto's patent rights. (Doc. 1.) Summons was served on Slusser on January 15, 2010. (Doc. 6.)

On February 5, 2010, Slusser, proceeding pro se, moved for a 40-day extension in which to file a responsive pleading. (Docs. 6-7.) The court sustained the motion, allowing defendant until March 17, 2010 to file a responsive pleading. (Doc. 8.)

On February 10, 2010, the court held a status conference on Monsanto's motion for expedited discovery at which Slusser participated by telephone. The court sustained Monsanto's motion for expedited discovery. (Docs. 4, 11-12.)

On February 11, 2010, the court conducted a second telephonic status conference, at which time Slusser stated that he would respond to the request for expedited discovery by February 17, 2010, as well as permit inspection of his soybean fields by February 18, 2010. (Doc. 15.) On March 2, 2010, Monsanto moved for sanctions and to compel, contending that it had not received complete discovery responses or complete access to Slusser's fields. Slusser filed a written opposition to the motion. (Doc. 21.)

On April 7, 2010, the court conducted a telephonic hearing on the motion to compel. (Doc. 25.) Slusser questioned Monsanto's witness and counsel for Monsanto. Slusser, in turn, was questioned by Monsanto's counsel. (Id.) At the hearing, Slusser admitted to farming three fields with his father with his own saved Roundup Ready® soybeans, allegations which he had previously denied in discovery responses and in representations to the court. (Doc. 33.)

On June 17, 2010, this court sustained Monsanto's motion, finding that Slusser failed to provide the information requested by Monsanto in a timely manner and that Monsanto's efforts in investigating, filing, and prosecuting its motion were necessary for them ultimately to acquire the requested information. This court ordered Slusser to pay Monsanto the sum of $1,000 as reasonable fees and expenses expended in the prosecution of the subject motion, but stayed the obligation to pay plaintiff subject to future order. (Id.)

At the time of the April 7 hearing, Slusser had not filed a responsive pleading. On December 14, 2010, Monsanto moved to compel a responsive pleading or for an order to show cause why judgment should not be entered against him. (Doc. 34.)

On December 15, 2010, the court sustained the motion, ordering Slusser to file a responsive pleading to plaintiffs' complaint no later than December 31, 2010. (Doc. 35.) The court also stated that, "[b]ecause defendant has participated in the action to the extent noted above, the court will, upon plaintiffs' motion, order defendant to respond to the complaint, but will not issue an alternative show cause order at this time." (Id.) No responsive pleading was filed by December 31, 2010.

On January 4, 2011, the court issued a Show Cause Order, sustaining Monsanto's motion to compel a responsive pleading, ordering Slusser to

provide a legally sufficient reason no later than January 18, 2011, why default should not be entered against him, and setting a January 25, 2011 hearing on the motion for default judgment. (Doc. 37.)  On January 25, 2011, Slusser submitted a note from Kelly G. Ross, O.D., an optometrist in Walnut Ridge, Arkansas, opining that Slusser was unable to travel due to an eye injury.  (Doc. 38.)

On January 25, 2011, the court conducted a telephonic status conference and rescheduled the hearing for February 8, 2011. (Docs. 39, 40.)  On February 8, 2011, Slusser filed a Notice of Bankruptcy, and proceedings in this court were automatically stayed.  (Doc. 41.)  On December 19, 2011, the bankruptcy court granted Monsanto's motion to modify the automatic stay, allowing this action to proceed.  (Doc. 53.)

On February 7, 2012, the court held a show cause hearing on Monsanto's request for a default judgment.  Slusser participated by conference telephone call.  The court ordered post-hearing briefing to be submitted no later than February 14, 2012. (Doc. 55.)

On February 15, 2012, Slusser submitted a document which stated in its entirety:

> Finding liability in 2009 no one representing Monsanto explained to me that I was not allowed to save seed.  A signature on the document that supposedly binds me is not my signature and is a forgery.
>
> Support for request for discovery.  I have tried to comply with discovery but I do not have a lot of resources, attorneys or access to records to comply with lots of discovery.
>
> I have no problem in not using any Monsanto products; I cannot get back in farming and have no use for their products.

(Doc. 57.)

In support of its request for default judgment, Monsanto seeks a finding that Slusser infringed United States Patent No. 5,352.605, infringed United States Patent No. RE 39,247E, breached his contract with Monsanto, and was unjustly enriched as a result of the aforementioned acts during the 2009 growing season when he planted Roundup Ready® soybeans.  Monsanto seeks leave to serve discovery related to any

outstanding issues in this case, and for Slusser to respond to that discovery within the times set forth in the Federal Rules of Civil Procedure. Monsanto also seeks an order that Slusser appear for deposition when properly noticed by Monsanto. Monsanto requests that after it afforded complete responses to the requested discovery concerning 2009 and prior years, it will provide the court with its damages calculation for the 2009 growing season and, if necessary, briefing on liability and damages for any prior growing seasons. At that time, Monsanto would also submit any evidence and arguments as to the issue of willfulness of Slusser's infringing activities.

With respect to its complaint for a permanent injunction, Monsanto seeks a finding that Slusser is not authorized to use any of Monsanto's patented biotechnology. Monsanto seeks to permanently enjoin Slusser from making, using, saving, cleaning, planting, selling, offering to sell or otherwise transferring any seed containing Monsanto's proprietary seed technologies, without express consent from Monsanto.

## II.  DISCUSSION

"The entry of a default judgment should be a 'rare judicial act.'" Comiskey v. JFTJ Corp., 989 F.2d 1007, 1009 (8th Cir. 1993) (quoting Edgar v. Slaughter, 548 F.2d 770, 773 (8th Cir. 1977)). Entry of default judgment pursuant to Federal Rule of Civil Procedure 55 is appropriate where "a party fails to appropriately respond in a timely manner," Marshall v. Baggett, 616 F.3d 849, 852 (8th Cir. 2010), or "the party against whom the judgment is sought has engaged in willful violations of court rules, contumacious conduct, or intentional delays," but not as a "sanction for a marginal failure to comply with time requirements." Forsythe v. Hales, 255 F.3d 487, 490 (8th Cir. 2001).

"A default judgment entered by the court binds the party facing the default as having admitted all of the well pleaded allegations in the plaintiff's complaint." Angelo Iafrate Constr., LLC v. Potashnick Constr., Inc., 370 F.3d 715, 722 (8th Cir. 2004). Upon default, the factual allegations of the complaint, except those relating to amount of damages, are taken as true, but it remains for court to consider whether unchallenged facts constitute a legitimate cause of action, since a party

in default does not admit mere conclusions of law." Murray v. Lene, 595 F.3d 868, 871 (8th Cir. 2010).

The court finds that Slusser has not provided a legally sufficient reason as to why he has failed to file a responsive pleading to the complaint within the time periods provided by the rules or the order of this court. The record is clear that Slusser was put on notice that his failure to file a responsive pleading could result in a default judgment against him.

The court declines to construe the February 15, 2012 document (Doc. 57) as a responsive pleading to the complaint. The court finds that this document, filed over two years after he was served with summons (Doc. 6), does not serve to explain his failure to properly respond to the complaint as previously required. Therefore, this court concludes that defendant Kevin has been in default on the complaint filed in this action since December 15, 2010. (Docs. 8, 35.)

Because defendant Slusser actively participated in several proceedings in this case, but never filed an answer to the complaint within the time limits required by law and within the time limits set by court order, the court concludes that he is in default in this action and that a judgment of liability must be entered against him. The court concludes that defendant infringed United States patent No. 5,352,505, infringed United States Patent NO. RE 39,247 E, breached his contract with Monsanto, converted seed containing Monsanto's patented technology, and was unjustly enriched as a result of those acts during the 2009 growing season when he planted saved Roundup Ready® soybeans.

A default judgment cannot be entered until the amount of damages has been ascertained. Hagen v. Sisseton-Wahpeton Cmty. Coll., 205 F.3d 1040, 1042 (8th Cir. 2000). When a default judgment is entered on a claim for an indefinite or uncertain amount of damages, facts alleged in the complaint are taken as true, except facts relating to the amount of damages, which must be proved in a supplemental hearing or proceeding. Everyday Learning Corp., v. Larson, 242 F.3d 815, 818-19 (8th Cir. 2001) (even if liability for tortious interference with contract was established, which includes an element of loss, plaintiff still had to prove actual damages to a reasonable degree of certainty); See Am. Red Cross v. Cmty. Ctr. of the Ozarks, 257 F.3d 859, 864 (8th Cir. 2001) (court properly found plaintiff failed to prove its damages where its

damages expert's testimony and valuation methods were suspect, and the expert failed to adequately separate out alleged damages due to legitimate competition).  A party entitled to default judgment is required to prove the amount of damages that should be awarded.  <u>Oberstar v. FDR</u>, 987 F.2d 494, 505 n.9 (8th Cir. 1993).

Accordingly,

**IT IS HEREBY ORDERED that defendant Kevin Slusser is and has been in default on the complaint filed in this action,** regarding plaintiffs' claims for defendant's saving and using plaintiffs' Roundup Ready® soybean seed during the 2009 growing season in contravention of plaintiffs' patent rights and rights under their license agreement with defendant.

**IT IS FURTHER ORDERED** that plaintiffs are granted leave to serve defendant Slusser discovery requests related to any outstanding issues in this case.  Defendant Slusser shall respond to those and any outstanding discovery requests within the times set forth in the Federal Rules of Civil Procedure.  Defendant Slusser shall appear in person for his deposition either as noticed by plaintiffs or as agreed upon by the parties.

**IT IS FURTHER ORDERED** that all further discovery requests shall be submitted in hand to the opposing side **not later than June 1, 2012**, and shall be responded to **not later than June 30, 2012.**

**IT IS FURTHER ORDERED** that, **not later than July 31, 2012**, plaintiffs shall file (a) a summary of the damages to which they are entitled for the 2009 growing season, and (b) a summary of their evidence and arguments as to the issue of willfulness, if any, on the part of defendant Slusser.  Defendant Slusser shall also file, **not later than August 15, 2012,** any written response to (a) and (b).

**IT IS FURTHER ORDERED** that plaintiffs' request for a permanent injunction is sustained.  Defendant Kevin Slusser is not authorized to use any of plaintiffs' patented biotechnology.  Defendant Kevin Slusser is permanently enjoined from making, using, saving, cleaning, planting, selling, offering to sell, or otherwise transferring any seed containing plaintiffs' proprietary seed technologies, without express permission from plaintiffs.

**IT IS FURTHER ORDERED** that an evidentiary hearing on damages and any other outstanding issues is set for on **Tuesday, September 11, 2012 at 9:30 a.m.**

**IT IS FURTHER ORDERED** that the Clerk shall mail a certified copy of this order to defendant Kevin Slusser with certification of delivery requested.


　　　　　　　　　　　　　　　　　　/S/   David D. Noce
　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

Signed on April 11, 2012.