**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| MONSANTO COMPANY and MONSANTO, TECHNOLOGY, LLC,    ) ) ) | |
|       Plaintiffs,    ) ) | |
|     v.    ) ) | No. 4:10 CV 75 DDN |
| KEVIN SLUSSER,    ) ) | |
|       Defendant.    ) | |

## MEMORANDUM

On April 11, 2012, in this patent infringement case, the court found that defendant Kevin Slusser was in default on the complaint filed by plaintiffs Monsanto Company and Monsanto Technology, LLC.  Defendant had not filed a responsive pleading to the complaint in over two years of litigation, including discovery and motion practice.  (Doc. 58.)   Following the finding of default, the court held a hearing to determine the amount of damages and other relief to which plaintiffs are entitled.

Plaintiffs seek to recover royalties damages against defendant in the amount of $109,374.00, treble damages, prejudgment interest, attorney fees, and costs.

For patent infringement, the relevant statute provides the available remedies:

> Upon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court.

> When the damages are not found by a jury, the court shall assess them. In either event the court may increase the damages up to three times the amount found or assessed.

35 U.S.C. § 284.

After reviewing plaintiffs' expert witness's damage per acre calculation and defendant's deposition (Docs. 63, 63-1, 63-2), the court agrees with plaintiffs' calculation of royalty damages and finds that plaintiffs are entitled to an award of royalty damages in the amount of $109, 374.00.

Plaintiffs seek a trebling of its royalty damages for defendant's willful infringement of their patent rights.  Section 284 authorizes the court to award up to three times the amount of royalty damages in cases of willful patent infringement; such an award is a punitive measure.  <u>Jurgens v. CBK, Ltd.</u>, 80 F.3d 1566, 1577 (Fed. Cir. 1996).  ["W]illful infringement authorizes but does not

1

mandate an award or increased damages." Transclean Corp. v. Bridgewood Services, Inc., 290 F.3d 1364, 1378 (Fed. Cir. 2002).

First, plaintiffs "must show by clear and convincing evidence that [defendant] acted despite an objectively high likelihood that [his] actions constituted infringement of a valid patent. . . . The state of mind of [defendant] is not relevant to this objective inquiry.  If this threshold objective standard is satisfied, the [plaintiffs] must also demonstrate that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the [defendant]." In re Seagate Technology, LLC, 497 F.;3d 1360, 1371 (Fed. Cir. 2007)(internal citation omitted).

Plaintiffs argue that defendant's willfulness is demonstrated by the record before the court. The court disagrees.  Plaintiffs have prevailed by way of a default judgment, not following a trial on the merits of their allegations.  Granted, there were pretrial issues taken up and ruled that required factual determinations.  However, the court is not satisfied that the record is sufficient to establish by clear and convincing evidence the required willfulness for an award of enhanced damages.  Therefore, enhanced damages are not awarded in this action.

Plaintiffs also seek prejudgment interest.  "[P]rejudgment interest should be awarded under 35 U.S.C. § 284 absent some justification for withholding such an award." Gen. Motors Corp. v. Devex Corp., 461 U.S. 648, 657 (1983); Nickson Indus., Inc. v. Rol Mfg. Co., Ltd., 847 F.2d 795, 800 (Fed. Cir. 1988).   The record provides no justification for not awarding plaintiffs prejudgment interest.

The court has "wide discretion in the selection of interest rates." Uniroyal, Inc. v. Rudkin-Wiley Corp., 939 F.2d 1540, 1545 (Fed. Cir. 1991); Cyclone USA, Inc. v. LL & C Dealer Services, LLC, 2010 WL 2132378 at *2 (C.D. Cal. 2010).   Given the national economic and financial circumstances, the court finds that an award of prejudgment interest to plaintiffs at a rate equal to the post-judgment interest rate provided by 28 U.S.C. § 1961(a) is appropriate, compounded annually; it is sufficient that the prejudgment interest extends from the commencement of this judicial action.

Plaintiffs seek an award of reasonable attorneys' fees.  In a case of patent infringement, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285.  Exceptional cases include cases of willful infringement, inequitable conduct before the Patent and Trademark Office, misconduct during litigation, vexatious litigation, and frivolous suit.  Amsted Indus. Inc. v. Buckeye Steel Castings Co., 23 F.3d 374, 376 (Fed. Cir. 1994).   The court finds that defendant Slusser unreasonably caused delays in the progress of this litigation, as set forth in prior memorandum opinions of the court.  (Docs. 33, 55, 58.)  Therefore, the court

awards attorney fees in an amount to be determined by post-judgment submission.  <u>See</u> E.D.Mo. L.R. 8.02.

An appropriate Judgment Order is issued herewith.


_____/S/___David D. Noce_____
**UNITED STATES MAGISTRATE JUDGE**


Signed on March 29, 2013.